09-4799-cv
Schultz v. Newsday, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of April, two thousand and eleven.

PRESENT:

  RALPH K. WINTER,
  JOHN M. WALKER, JR.,
  JOSÉ A. CABRANES,
            *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GERARD E. SCHULTZ,

            *Plaintiff-Appellant*,

  v.                                                    No. 09-4799-cv

NEWSDAY, INC., TIMOTHY P. KNIGHT,

            *Defendants-Appellees.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**FOR PLAINTIFF-APPELLANT:**          JOSEPH O. GIAIMO, Giaimo Associates, LLP,
                                      Kew Gardens, NY.

---

* The Clerk of Court is directed to amend the official caption of this case to conform to the listing of the parties shown above.

**FOR DEFENDANTS-APPELLEES:**    ERIC G. HOFFMAN, Sidley Austin LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Gerard E. Schultz ("plaintiff") appeals from an October 7, 2009 judgment of the District Court granting summary judgment in favor of defendants-appellees Newsday, Inc. ("Newsday") and Timothy P. Knight (jointly, "defendants") with respect to all of plaintiff's federal claims.[1] On appeal, plaintiff asserts that defendants were not entitled to summary judgment on his claims that he was terminated from his employment with Newsday in violation of his rights under the Family Medical Leave Act, 29 U.S.C. § 2601 et seq., and the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq.[2] We assume the parties' familiarity with the remaining facts and procedural history of the case.

We review a district court's order granting summary judgment *de novo*, construing the evidence in the light most favorable to the plaintiff and drawing all inferences in the plaintiff's favor. *See, e.g., Lumbermens Mut. Cas. Co. v. RGIS Inventory Specialists, LLC*, 628 F.3d 46, 51 (2d Cir. 2010). Here, plaintiff clearly failed to produce evidence sufficient to raise a genuine issue of material fact. *Id.* Although he vigorously disagrees with Newsday's stated reasons for his termination—namely, that he lied to Tribune Company lawyers investigating allegations of fraud,[3] participated in conduct related to the fraud, and violated Newsday's Code of Conduct by failing to report the fraud—he fails to cite any evidence in the record that his termination was related to his taking medical leave or to his entitlement to disability benefits. Rather, plaintiff principally maintains that his termination was in retaliation for his role in allegedly "blow[ing] the whistle" on Newsday's fraud. Plaintiff-Appellant's Br. at 7. Accordingly, we find no error in the District Court's decision to grant summary judgment in favor of defendants.

---

[1] The judgment also dismissed plaintiff's claim for relief under the New York State Human Rights Law, N.Y. Exec. Law § 296 et seq., without prejudice to its renewal in state court.

[2] Plaintiff has abandoned his appeal of the order granting summary judgment in favor of defendants with respect to his claim pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

[3] In 2008, Newsday entered into a Deferred Prosecution Agreement with the United States Attorney's Office for the Eastern District of New York pursuant to which, *inter alia*, it admitted that certain Newsday executives had participated in schemes to defraud its advertisers.

## CONCLUSION

We have considered all of plaintiff's arguments and find them to be without merit. We **AFFIRM** the judgment of the District Court substantially for the reasons stated in its careful and well-reasoned Memorandum and Order, *Schultz v. Tribune Co., Inc.*, No. 06-CV-4800, 2009 WL 3246737 (E.D.N.Y. Oct. 7, 2009).

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court